STATE OF NORTH CAROLINA v. AMILCAR ALEXANDER VALLADARES

No. COA06-417

(Filed 3 April 2007)

**Sentencing— restitution—stipulation that defendant caused victim's injuries**

The trial court did not err by ordering defendant to pay restitution to Tara Collins in the amount of $10,000 even though the jury failed to return a guilty verdict on the charge of assault with a deadly weapon inflicting serious injury for this victim, because: (1) the jury in this matter found defendant guilty of felonious hit and run with personal injury, and the indictment supporting that charge named the victim as one of the persons injured; and (2) defendant stipulated at trial that he caused the victim's injuries.

Appeal by Defendant from judgment entered 8 November 2005 by Judge Marvin K. Gray, in Superior Court, Gaston County. Heard in the Court of Appeals 6 February 2007.

*Attorney General Roy Cooper, by Assistant Attorney General W. Wallace Finlator, Jr., for the State.*

*Don Willey, for defendant-appellant.*

WYNN, Judge.

"[F]or an order of restitution to be valid, it must be related to the criminal act for which defendant was convicted, else the provision may run afoul of the constitutional provision prohibiting imprison-

ment for debt."[1] Because the jury in this matter found Defendant guilty of felonious hit and run with personal injury, we uphold the trial court's order requiring Defendant to pay restitution in the amount of $10,000.00 to an individual that he stipulated he injured in the incident.

On 23 May 2005, Defendant Amilcar Alexander Valladares raced with another car on Franklin Boulevard in Gastonia; lost control of the car; and crashed into a crowd of people in a restaurant parking lot. Afterwards, Defendant fled, but was later apprehended by police. Defendant was indicted for one count of felonious hit and run with personal injury to Mathew Weir, Nicholas Pappas, Jennifer Baldwin, Brandi Armstrong, and Tara Collins; one count of reckless driving; one count of willful speed competition; and five counts of assault with a deadly weapon inflicting serious injury on each of the individuals listed in the felonious hit and run indictment.

Following a trial, the jury was unable to reach a verdict on the charge of assault with a deadly weapon inflicting serious injury on Tara Collins but found Defendant guilty of all of the remaining charges. In addition to terms of imprisonment for the convicted offenses, the trial court ordered Defendant to pay restitution amounts of $1,600 to Brandi Armstrong; $2,407.85 to Jennifer Baldwin; $100,000 Nicholas Pappas; $57,000 to Mathew Weir; and $10,000 to Tara Collins.

Defendant appeals contending that the trial court improperly ordered him to pay restitution in the amount of $10,000.00 to Ms. Collins because the jury failed to return a guilty verdict on the charge of assault with a deadly weapon inflicting serious injury on Ms. Collins.[2] We disagree.

"It is well settled that for an order of restitution to be valid, it must be related to the criminal act for which defendant was convicted, else the provision may run afoul of the constitutional provision prohibiting imprisonment for debt." *State v. Froneberger*, 81 N.C. App. 398, 404, 344 S.E.2d 344, 348 (1986) (internal quotations and cita-

---

1. *State v. Froneberger*, 81 N.C. App. 398, 404, 344 S.E.2d 344, 348 (1986) (internal quotations and citation omitted); *see also State v. Wilburn*, 57 N.C. App. 40, 290 S.E.2d 782 (1982); *State v. Bass*, 53 N.C. App. 40, 280 S.E.2d 8 (1981).

2. Though Defendant failed to object to the trial court's order of restitution to Ms. Collins at trial, G.S. 15A-1446(d)(18) allows a sentencing error to be reviewed even without an objection at trial. *See* N.C. Gen. Stat. § 15A-1446(d)(18); *see also State v. Reynolds*, 161 N.C. App. 144, 149, 587 S.E.2d 456, 460 (2003).

**STATE v. VALLADARES**

[182 N.C. App. 525 (2007)]

tion omitted); *See also State v. Wilburn,* 57 N.C. App. 40, 290 S.E.2d 782 (1982); *State v. Bass,* 53 N.C. App. 40, 280 S.E.2d 8 (1981).

Here, Defendant contends that because he was not convicted of assault with a deadly weapon inflicting serious injury on Tara Collins, the trial court erred when it ordered restitution to Ms. Collins. However, the jury did convict Defendant of the charge of felonious hit and run with personal injury. The indictment supporting that charge named Tara Collins as one of the persons injured. Moreover, Defendant stipulated at trial that he caused Ms. Collins' injuries.

In light of the jury's verdict finding Defendant guilty of felonious hit and run with personal injury, the indictment naming Ms. Collins as one of the injured persons, and Defendant's stipulation that he caused injury to Ms. Collins, we affirm the trial court's order of restitution for Ms. Collins in the amount of $10,000. *See* N.C. Gen. Stat. § 15A-1340.36(a) (2005).

Affirmed.

Judges STEELMAN and JACKSON concur.