STATE OF NORTH CAROLINA v. KENNETH EDWARD SOUTHARDS

No. COA07-546

(Filed 4 March 2008)

1. **Appeal and Error— appealability—motion to dismiss after close of State's evidence—introduction of evidence after denial**

   Although defendant contends the trial court erred by denying defendant's motion to dismiss the charge of possession of stolen property at the close of the State's evidence, this argument is not properly before the Court of Appeals, because: (1) under N.C.G.S. § 15-173, a defendant who introduces evidence after his motion to dismiss is denied thereby waives any motion for dismissal or judgment as in case of nonsuit which he may have made prior to the introduction of his evidence and cannot urge such prior motion as a ground for appeal; and (2) defendant offered evidence following the trial court's denial of his motion.

2. **Possession of Stolen Property— motion to dismiss—sufficiency of evidence**

   The trial court did not err by denying defendant's motion to dismiss the charge of possession of stolen property at the close of all evidence because: (1) there was substantial evidence that defendant possessed the stolen tools including that defendant had unrestricted access to the truck in which the stolen tools were found on 30 June 2004, defendant gave permission for the tools to be placed in the truck, defendant saw the tools placed in

the truck, and defendant had been given the tools by the passenger of the truck and gave no testimony that he refused the property; and (2) the evidence presented was sufficient to allow the question of whether defendant knew or had reasonable grounds to believe that the tools were stolen to go to the jury.

### 3. Sentencing— restitution—unrecovered items—failure to provide evidence

The trial court erred in a possession of stolen property case by awarding restitution in the amount of $3,125 to the victim, and this portion of the judgment is reversed and remanded, because while a trial court may award restitution under N.C.G.S. § 15A-1340.34(c) based on damages arising directly and proximately out of the offense committed by defendant, it cannot be concluded that defendant should be required to make restitution for a victim's unrecovered tools or lost wages when those losses are neither related to the criminal act for which defendant was convicted nor supported by the evidence in the record.

Appeal by defendant from judgment entered 19 April 2006 by Judge Zoro J. Guice, Jr. in Swain County Superior Court. Heard in the Court of Appeals 4 February 2008.

*Roy Cooper, Attorney General, by Ted R. Williams, Special Deputy Attorney General, for the State.*

*Allen W. Boyer, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant was indicted for felonious breaking or entering of a motor vehicle owned by Dylan Hoyt with intent to commit larceny; felonious larceny of various tools belonging to Dylan Hoyt; and felonious possession of stolen property. He entered pleas of not guilty. At the close of the State's evidence, the trial court dismissed the charges of felonious breaking or entering of a motor vehicle and felonious larceny. A jury convicted defendant of possession of stolen property. He appeals from a judgment entered upon the verdict.

As relevant to the issues raised on appeal, the State's evidence tended to show that a generator, three saws, a drill, a weed eater, a box of bolts, a blue plastic toolbox, and several smaller tools were stolen from a trailer owned by Dylan Hoyt in the early morning hours of 30 June 2004. Hoyt testified that he had paid "at least" $3,000 or

$4,000 for the tools. Hoyt also testified that, as a result of the theft, he lost a construction job he was working because he could not afford to replace the stolen tools.

Deputy Sheriff David Southards, who is defendant's half-brother, testified that while on patrol he saw a truck on the highway that had been reported stolen. The officer testified that there were two male subjects in the vehicle—defendant, who was driving, and another male in the passenger side of the truck. When he approached the vehicle after it was stopped, the officer said he saw some tools partially covered up in the bed of the truck. The officer told defendant that there was a report that the truck he was driving was stolen. Defendant told the officer that he was "in the process of buying the truck." Since the truck that defendant was driving and its license plate had been "entered through NCIC as stolen," the officer placed defendant under arrest. The officer then searched the truck and found a saw, a blue plastic toolbox, and a box of bolts in the bed of the truck. The officer testified that the passenger left the area even though he was told not to leave. He later discovered that the passenger, known to defendant as Buddy Jordan, was actually Hubert Stroup. The truck was impounded and the tools were inventoried and secured at the Swain County Sheriff's Department.

About two weeks later, Hoyt was called in to the Swain County Sheriff's Department and positively identified the items found in the possession of defendant as some of his stolen tools. Hoyt asked the officers to release the saw into his possession so he could use it for work. The remainder of the items were secured at the sheriff's department until trial. None of Hoyt's other stolen tools were found in the possession of defendant.

Defendant testified that a friend whom he knew by the name of "Buddy" came to his house at around 8:30 a.m. on 30 June 2004. Buddy told defendant that he was "going to help [him] fix [his kitchen] floor," which defendant had talked with him about "a couple of weeks before that." Since they did not have any nails or screws to work with, defendant testified that he and Buddy decided to drive into town. Defendant said Buddy asked defendant if he could put his tools in the back of the truck defendant was driving, and defendant agreed. Defendant testified that he saw Buddy put one saw, a blue plastic toolbox, and some screws and bolts in the truck. Defendant said that, during one of their stops in town, Buddy told him that he (defendant) could "have" the tools in the back of the truck. On

STATE v. SOUTHARDS

[189 N.C. App. 152 (2008)]

their way back to defendant's house, they were stopped by Deputy Sheriff Southards.

---

## I.

[1] Defendant first contends the trial court erred by denying his motion to dismiss the charge of possession of stolen property at the close of the State's evidence. Because this argument is not properly before us, we may not consider it.

N.C.G.S. § 15A-1227(a) provides, in part, that "[a] motion for dismissal for insufficiency of the evidence to sustain a conviction may be made . . . (1) [u]pon close of the State's evidence . . . [and] (2) [u]pon close of all the evidence." N.C. Gen. Stat. § 15A-1227(a) (2007). "A defendant's motion to dismiss under N.C.G.S. [§ ]15A-1227(a)(1) for insufficiency of the evidence to go to the jury is tantamount to a motion for nonsuit under N.C.G.S. [§ ]15-173." *State v. Bruce*, 315 N.C. 273, 280, 337 S.E.2d 510, 515 (1985). Under N.C.G.S. § 15-173, "[i]f the defendant introduces evidence [after his motion to dismiss is denied], he thereby waives any motion for dismissal or judgment as in case of nonsuit which he may have made prior to the introduction of his evidence and cannot urge such prior motion as ground for appeal." N.C. Gen. Stat. § 15-173 (2007). In the present case, "[b]ecause the defendant offered evidence following the trial court's denial of his motion for dismissal at the close of the State's evidence, the trial court's denial of that motion is not properly before us for review." *Bruce*, 315 N.C. at 280, 337 S.E.2d at 515.

## II.

[2] Defendant next contends the trial court erred by denying his motion to dismiss the charge of possession of stolen property at the close of all the evidence. We disagree.

"In testing the sufficiency of the evidence to sustain a conviction and to withstand a motion to dismiss, the reviewing court must determine whether there is substantial evidence of each essential element of the offense and that the defendant was the perpetrator." *State v. Triplett*, 316 N.C. 1, 5, 340 S.E.2d 736, 739 (1986) (citing *State v. Powell*, 299 N.C. 95, 261 S.E.2d 114 (1980)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "The evidence is to be considered in the light most favorable to the State and the State is entitled to every reason-

able inference to be drawn therefrom." *Triplett*, 316 N.C. at 5, 340 S.E.2d at 739.

The essential elements of felonious possession of stolen property are: "(1) possession of personal property, (2) which was stolen pursuant to a breaking or entering, (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen pursuant to a breaking or entering, and (4) the possessor acting with a dishonest purpose." *State v. McQueen*, 165 N.C. App. 454, 459, 598 S.E.2d 672, 676 (2004), *disc. review denied*, 359 N.C. 285, 610 S.E.2d 385 (2005). Defendant contends that there was insufficient evidence that he (A) possessed the property, and (B) knew or had reasonable grounds to believe the property was stolen.

A.

"One has possession of stolen property when one has both the power and intent to control its disposition or use." *In re Dulaney*, 74 N.C. App. 587, 588, 328 S.E.2d 904, 906 (1985) (citing *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972)). "One who has the requisite power to control and intent to control access to and use of a vehicle or a house has *also the possession of the known contents thereof*." *State v. Eppley*, 282 N.C. 249, 254, 192 S.E.2d 441, 445 (1972) (emphasis added).

In the present case, defendant was stopped by Deputy Sheriff Southards on 30 June 2004 with stolen tools in the bed of the truck defendant was driving. Defendant contends that he did not own the truck he was driving on 30 June 2004, and was only "in the process of" buying the truck at that time. Defendant seems to argue that, since he did not own the truck in which the tools were found, he did not have "the requisite power to control and intent to control access to and use of [the truck]," *id.*, and so could not have been in possession of the stolen tools found therein. However, viewed in the light most favorable to the State, and giving the State the benefit of every reasonable inference which might be drawn from the evidence, the evidence does not support defendant's argument.

Defendant's wife testified that the person she believed to be the owner of the truck agreed to sell the truck and told her, "[J]ust drive it for a few days and then if you want it we'll work something out." She testified that, while neither she nor defendant paid any money for the truck, they had possession of the truck for at least three days, during which time defendant drove around in it. Defendant testified

that his friend Buddy asked defendant if "it [was] okay if [he] put [his] stuff on the truck." Defendant testified, "I said go ahead." After giving Buddy his permission to do so, defendant saw Buddy put "a saw and a blue box"—two of the stolen items—in the bed of the truck. Then defendant testified that Buddy told him that he (defendant) could "have" the tools in the back of the truck. Therefore, at the time of defendant's arrest: (1) defendant had unrestricted access to the truck in which the stolen tools were found on 30 June 2004; (2) defendant gave permission for the tools to be placed in the truck; (3) defendant saw the tools placed in the truck; and (4) defendant had been given the tools by the passenger of the truck and gave no testimony that he refused the property. Thus, we conclude that there was substantial evidence that defendant possessed the stolen tools.

## B.

"Whether the defendant knew or had reasonable grounds to believe that . . . [property was] stolen must necessarily be proved through inferences drawn from the evidence." *State v. Brown,* 85 N.C. App. 583, 589, 355 S.E.2d 225, 229 (citing *State v. Allen,* 45 N.C. App. 417, 263 S.E.2d 630 (1980)), *disc. review denied,* 320 N.C. 172, 358 S.E.2d 57 (1987). The evidence showed that, when asked whether defendant trusted the friend who gave him the tools, he answered: "Yes, in a way, but in a way not. I didn't really know him that well. He seemed like a pretty good buddy, you know, just a friend." "Well, I did [trust him] but I didn't, you know. I didn't know him well enough to really trust him, but I wanted to, you know." Defendant testified that, when his wife went to the Swain County Sheriff's Department to visit him two or three days after his arrest and asked him about a generator that had also been stolen, defendant "told her that [he] didn't know nothing about it, that if that stuff was stole [sic] that Buddy probably did it, if he done it; and it was probably in Robbinsville." When asked whether it surprised defendant that his friend "might have stolen some of this stuff," defendant answered: "Well, after that it didn't, but before I didn't think about him being—stealing, you know. . . . *I was iffy about him.* I didn't know, you know." (Emphasis added.) Defendant also testified that he did not remember that he (defendant) was convicted for a worthless check in 2003.

While defendant testified that he only suspected that the tools were stolen after he (defendant) was arrested, he also stated that he did not trust the person who gave him the tools nor was he surprised that the tools were stolen. We conclude that, in the light most favor-

able to the State, the evidence presented was sufficient to allow the question of whether the defendant knew or had reasonable grounds to believe that the tools were stolen to go to the jury. Therefore, the trial court did not err by denying defendant's motion to dismiss the charge of possession of stolen property under 04 CRS 1176.

### III.

**[3]** Defendant also contends the trial court erred by awarding restitution of $3,125.00 to Dylan Hoyt. We agree.

N.C.G.S. § 15A-1340.34(a) provides, in part: "When sentencing a defendant convicted of a criminal offense, the court shall determine whether the defendant shall be ordered to make restitution to any victim of the offense[, i.e., to any] . . . person directly and proximately harmed as a result of the defendant's commission of the criminal offense." N.C. Gen. Stat. § 15A-1340.34(a) (2007). "[T]he court may . . . require that the defendant make restitution to the victim or the victim's estate for any injuries or damages arising directly and proximately out of the offense committed by the defendant." N.C. Gen. Stat. § 15A-1340.34(c). To determine the amount of restitution "[i]n the case of an offense resulting in the damage, loss, or destruction of property of a victim of the offense," N.C. Gen. Stat. § 15A-1340.35(a)(2) (2007), the court must consider the following:

a. *Return of the property to the owner of the property* or someone designated by the owner; or

b. If return of the property under sub-subdivision (2)a. of this subsection is impossible, impracticable, or inadequate:

1. The value of the property on the date of the damage, loss, or destruction; or

2. *The value of the property on the date of sentencing, less the value of any part of the property that is returned.*

*Id.* (emphasis added). "The amount of restitution must be limited to that supported by the record . . . ." N.C. Gen. Stat. § 15A-1340.36(a) (2007); *see also State v. Wilson,* 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995) ("[T]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing."). "When . . . there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal." *State v. Hunt,* 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986).

However, "[i]t is well settled that for an order of restitution to be valid, it must be related to the criminal act for which defendant was convicted . . . ." *State v. Valladares*, 182 N.C. App. 525, 526, 642 S.E.2d 489, 491 (2007) (internal quotation marks omitted).

In the present case, although the indictment alleged that the value of the stolen tools was "approximately $1,138.00," Hoyt gave sworn testimony that he paid "at least" $3,000 or $4,000 for all of the tools that were stolen from the truck bed of his trailer on 30 June 2004. The stolen tools included a generator, an 18-inch skill saw, an angle drill, a small porta-cable skill saw, a chainsaw, a weed eater, a box of 12-inch quarter-inch lag bolts used to assemble log cabins, a blue plastic toolbox, and several smaller tools. However, when defendant was stopped on 30 June 2004, only the small porta-cable skill saw, the blue toolbox, a lantern, and a tape measure were recovered from the truck defendant was driving. No testimony was presented that any of the other stolen tools were found in defendant's possession at any time. In addition, although Hoyt testified that he lost a construction job he was working as a result of the theft of his tools, the State presented no evidence on how much income was lost. Further, all of the property found in defendant's possession was immediately seized by the police and later returned to Hoyt.

During the sentencing hearing, the State "concede[d] and admit[ted] that the amount . . . requested for restitution involve[d] *all of the tools that were stolen* from [Hoyt's] vehicle that were not recovered," most of which were *not found* in defendant's possession. (Emphasis added.) The State further recognized that "all of the items that were recovered from [defendant] . . . which he had in his possession were returned [to Hoyt]." While a court may award restitution based on "damages arising directly and proximately out of the offense committed by the defendant," N.C. Gen. Stat. § 15A-1340.34(c), we cannot conclude that defendant should be required to make restitution for Hoyt's unrecovered tools or lost wages when those losses are neither related to the criminal act for which this defendant was convicted nor supported by the evidence in the record. Therefore, we reverse the trial court's award of restitution to Dylan Hoyt.

No error; remanded for correction of judgment to strike award of restitution.

Judges STEELMAN and STEPHENS concur.