STATE OF NORTH CAROLINA
v.
MORRIS DARNELL DOWNS
No. COA08-225
Court of Appeals of North Carolina
Filed October 7, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General David W. Boone, for the State.
Sue Genrich Berry, for defendant-appellant.
STEELMAN, Judge.
Where the indictment was sufficient to put defendant on notice of the crimes being charged, the trial court properly denied defendant's motion to dismiss. Where defendant has failed to show that the trial court's denial of his motions for a continuance was erroneous, a new trial is not warranted. Where defendant consented at trial to the jury's request to review an exhibit, he has waived his right to appeal the trial court's submission of the exhibit to the jury. Where the trial court's restitution order was not directly related to the criminal offense for which defendant was convicted, the amount of restitution is not proper and is vacated.

I. Factual and Procedural Background
Morris Downs (defendant) was employed as a construction laborer of Edenton Construction Company from 29 June 2005 to 2 September 2005. During his employment with Edenton Construction, defendant's job duties included picking up materials, equipment, and supplies, and making purchases or charging items to Edenton Construction's accounts on behalf of the company. Beginning in 2003, Edenton Construction began renovating the peanut mill in Edenton, North Carolina into business offices (the "Peanut Mill project").
M.G. Brown is a building supply business located in Edenton. During the course of the Peanut Mill project, employees of Edenton Construction periodically purchased supplies from M.G. Brown for the project, charging the items to Edenton Construction's account. During October 2005, defendant charged several items to Edenton Construction's account at M.G. Brown although he was no longer an employee of the company and was not authorized to charge items to its account.
On 28 November 2005, defendant was indicted for three charges of obtaining property by false pretenses. The jury found defendant guilty of all charges. The trial court found defendant to be a prior record level III for felony sentencing. Defendant was sentenced to three consecutive active terms of 10 to 12 months imprisonment. The trial court recommended work release on the condition that defendant pay court costs, attorney's fees, and restitution in the amount of $1049.26. Defendant appeals.

II. Indictment
In his first argument, defendant contends that the trial court lacked subject matter jurisdiction because each count of the indictment for obtaining property by false pretenses failed to allege an essential element of the offense. We disagree.
"We review the issue of insufficiency of an indictment under a de novo standard of review." State v. Marshall, ___ N.C. App. ___, ___, 656 S.E.2d 709, 712 (2008). "[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." State v. Wallace, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000) (citation omitted). For an indictment to be valid, it must:
(1) identify the offense with which the accused is sought to be charged; (2) protect the accused from being twice put in jeopardy for the same offense; (3) enable the accused to prepare for trial; and (4) enable the court, on conviction or plea of nolo contendere or guilty, to pronounce sentence.
State v. Goforth, 65 N.C. App. 302, 305, 309 S.E.2d 488, 491 (1983) (citation omitted).
The elements of obtaining property by false pretenses are:
(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.
State v. Cronin, 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980); N.C. Gen. Stat. § 14-100 (2007). "[T]he false pretense need not come through spoken words, but instead may be by act or conduct." State v. Parker, 354 N.C. 268, 284, 553 S.E.2d 885, 897 (2001) (citation omitted).
Count one of the indictment read:
. . . defendant named above unlawfully, willfully and feloniously did knowingly and designedly with the intent to cheat and defraud obtain and attempt to obtain heavy duty power painter, from April Perry, MG Brown by means of a false pretense which was calculated to deceive and did deceive.
The false pretense consisted of the following: this property was obtained by means of [defendant] charged the painter to an account when he was not authorized to do so when in fact [defendant] had no authority to charge said painter to said account.
Count two of the indictment read:
. . . defendant named above unlawfully, willfully and feloniously did knowingly and designedly with the intent to cheat and defraud obtain and attempt to obtain a roofing gun, from Jack Melton, MG Brown by means of a false pretense which was calculated to deceive and did deceive.
The false pretense consisted of the following: this property was obtained by means of [defendant] charged the roofing gun to an account when he was not authorized to do so when in fact [defendant] had no authority to charge said painter to said account.
Count three of the indictment read:
. . . defendant named above unlawfully, willfully and feloniously did knowingly and designedly with the intent to cheat and defraud obtain and attempt to obtain a roofing gun, from April Perry, MG Brown by means of a false pretense which was calculated to deceive and did deceive.
The false pretense consisted of the following: this property was obtained by means of [defendant] charged the roofing gun to an account when he was not authorized to do so when in fact [defendant] had no authority to charge said painter to said account.

A. False Representation of a Subsisting Fact
Defendant contends that the indictment is fatally defective because each count "fail[ed] to specifically allege the false representation of a subsisting fact  the Defendant falsely represented himself as an employee of Edenton Construction Company able to charge equipment to the account of Edenton Construction Company."
In the instant case, defendant misrepresented his authority to charge items to the account of Edenton Construction, which induced M.G. Brown to believe that the account would be paid. April Perry, an employee of M.G. Brown, testified that defendant told her he was "working with Andy at the Peanut Mill" and "to charge [the merchandise] on that account."
By alleging that defendant misled employees of M.G. Brown and acquired merchandise by charging items to an account that he had no permission to use, the indictment sufficiently apprised defendant that he was accused of falsely representing himself as an authorized employee of Edenton Construction.
We hold that the allegations in the indictment support the false representation element of the offense, and that the indictment contained sufficient detail to put defendant on notice of the crime with which he was charged. See Parker at 284, 553 S.E.2d at 897.
This argument is without merit.

B. Property Obtained
Defendant next contends that the second and third counts in the indictment are fatally defective on the grounds that they failed to allege with sufficient specificity the property obtained by defendant.
"[I]n regards to the crime of false pretenses, `it is the general rule that the thing obtained . . . must be described with reasonable certainty, and by the name or term usually employed to describe it.'" State v. Walston, 140 N.C. App. 327, 334, 536 S.E.2d 630, 635 (2000) (quoting State v. Gibson, 169 N.C. 318, 320, 85 S.E. 7, 8 (1915)). "Allegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage. The use of superfluous words should be disregarded." State v. Taylor, 280 N.C. 273, 276, 185 S.E.2d 677, 680 (1972) (citation omitted).
Defendant contends the indictment was defective as to the last two charges because it twice identified the property in each charge as a "roofing gun," but then stated that defendant "had no authority to charge said painter to said account."
Although the last reference in counts two and three of the indictment erroneously refers to the roofing guns as painters, defendant cannot in good faith claim confusion about the nature of the charge against him. The indictment correctly stated that defendant charged the roofing guns to an account to which he was not authorized to charge items. We hold that any subsequent erroneous description of the property defendant was charged with obtaining by false pretenses did not substantially alter the meaning of the offense charged, such that defendant did not have notice of the crime with which he was charged. See Taylor at 276, 185 S.E.2d at 680. The reference to a "painter" was superfluous and is disregarded. See id.
This argument is without merit.

III. Motions to Continue
In his second argument, defendant contends that the trial court erred and abused its discretion by denying his motions to continue on the grounds that his trial counsel was unprepared for trial. Defendant further contends that the trial court's ruling constituted a denial of his right to effective assistance of counsel, as guaranteed by the federal and state constitutions, because his counsel was prevented from preparing an adequate defense. We disagree.
A motion for a continuance is a matter within the sound discretion of the trial court, and the court's ruling on the motion is not subject to review absent a showing of abuse of discretion. State v. Searles, 304 N.C. 149, 153, 282 S.E.2d 430, 433 (1981) (citation omitted).
It is equally well established, however, that, when such a motion raises a constitutional issue, the trial court's action upon it involves a question of law which is fully reviewable by an examination of the particular circumstances of each case. Denial of a motion for a continuance, regardless of its nature, is, nevertheless, grounds for a new trial only upon a showing by defendant that the denial was erroneous and that this case was prejudiced thereby.
Id.
To establish a constitutional violation, a defendant must show that he did not have ample time to confer with counsel and to investigate, prepare and present his defense. To demonstrate that the time allowed was inadequate, the defendant must show `how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion.'
State v. Williams, 355 N.C. 501, 540-41, 565 S.E.2d 609, 632-33 (2002) (internal citations and quotes omitted).
On appeal, defendant contends that his defense strategy at trial was that the out-of-court identification by two witnesses was unreliable, and tainted the in-court identification of defendant as the perpetrator of the crimes. However, defense counsel failed to file a motion to suppress the out-of-court identification, and instead filed a "Motion for Order Requiring State to Perform Non-Testimonial Identification Procedure" on the day of trial. Defendant argues that his trial counsel spent only two hours preparing his case for trial, and that the hours spent "were likely spent preparing an unsupported and arguably incorrect motion regarding out of court identification procedures in this case . . ." Defendant contends that the preparation time by his attorney was insufficient and that he is thus entitled to a new trial.
It is true that the constitutional guarantees of assistance of counsel and confrontation of witnesses include the right of a defendant to have a reasonable time to investigate and prepare his case, but no precise limits are fixed in this context, and what constitutes a reasonable length of time for defense preparation must be determined upon the facts of each case.
Searles at 153-54, 282 S.E.2d at 433 (citations omitted).
The record reveals that the case had been pending for over a year. Counsel was assigned to the case on 1 November 2005, and she met with defendant several times before trial. It is clear that defense counsel had more than ample time to confer with defendant and any possible witnesses he might have wished to present.
Additionally, we cannot say, as a matter of law, that the trial judge erred in not granting defendant's request for a continuance. A review of the transcript reveals that the trial judge had no basis for determining how defendant would be prejudiced by going to trial that day. Although defendant argues on appeal a specific basis for a continuance, the record reveals that he cited no reason to the trial court regarding the necessity of a continuance, merely stating that he wished for his attorney to have "more time to deal with what [defense counsel] need to do and get everything situated for me." Further, defendant told the trial judge "[defense counsel] has done everything she could for me. I mean, by the book."
Defendant is unable to show that he was materially prejudiced or that his attorney would have been better prepared had the continuance been granted. We hold that defendant has not demonstrated error, much less prejudicial error, in the trial court's denial of his motions for continuance. We further hold that the trial court did not abuse its discretion.
This argument is without merit.

IV. Evidence
In his third argument, defendant contends that the trial court erred when it allowed the jury to view State's exhibit one which had not been admitted into evidence. We disagree.
Upon request of the jury and the consent of all parties, a trial judge may "permit the jury to take to the jury room exhibits and writings which have been received in evidence." N.C. Gen. Stat. § 15A-1233(b) (2007). "The trial court has no authority to permit the jury to examine or take into a jury room exhibits which have not been introduced into evidence." State v. Cannon, 341 N.C. 79, 84, 459 S.E.2d 238, 242 (1995) (citation omitted).
During jury deliberations, the jury submitted a request to examine State's exhibits one through five. State's exhibit one was a credit memo dated 27 October used by M.G. Brown to bill customers for charges made to the customers' accounts. The credit memo contained a list of eight items which were charged to Edenton Construction's account, including the three items that were the basis for the charges against defendant, and five additional items for which defendant was not charged. The memo stated that "All above items were charged to this account by Morris Downs fraud [sic]." The trial court asked the State and counsel for defendant whether they objected to the jury's request. Both the State and defense counsel responded in the negative.
A lack of objection at trial does not bar a defendant's right to assign error to a judge's failure to comply with the mandates of Section 15A-1233(b). See State v. Helms, 93 N.C. App. 394, 401, 378 S.E.2d 237, 241 (1989). In this case, however, defendant's lawyer, beyond simply failing to enter an objection, consented to the jury's request to view the exhibit. See id. Therefore, defendant has waived his right to appeal the judge's submission of exhibit one to the jury for review when the exhibit had not been admitted into evidence. See id.
Even assuming arguendo that this argument is preserved for our review, defendant has not shown that he was prejudiced by any alleged statutory violation by the trial court.
N.C. Gen. Stat. § 15A-1443(a) provides the standard for determining whether a statutory violation constitutes prejudicial error, and the issue is whether "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2007).
At trial, Danny Gray, a manager at M.G. Brown, testified regarding the credit memo and read all of the eight items contained in the memo into the record. As to the three items for which defendant was charged, the record reveals that the information contained in exhibit one summarized information contained in State's exhibits two, three, and four: exhibit two was a photocopy of an invoice dated 3 October for a paint sprayer priced at $85.00; exhibit three was a photocopy of an invoice dated 5 October for a coil roofing gun priced at $320.99; and exhibit four was a photocopy of an invoice dated 17 October for a second coil roofing gun for $320.99. As to the remaining five items, Danny Gray testified as to each of those items without objection. Thus, all of the information contained in State's exhibit one was already in evidence before the jury.
Defendant has not shown a reasonable possibility that the jury would have reached a different verdict if exhibit one had not been submitted for its review.
This argument is without merit.

V. Restitution
In his last argument, defendant contends that the trial court erred in ordering him to pay restitution in an amount in excess of that supported by the evidence. We agree.
N.C. Gen. Stat. § 15A-1340.36(a) (2007) provides that "[t]he amount of restitution must be limited to that supported by the record[.]" "[F]or an order of restitution to be valid, it `must be related to the criminal act for which defendant was convicted, else the provision may run afoul of the constitutional provision prohibiting imprisonment for debt.'" State v. Froneberger, 81 N.C. App. 398, 404, 344 S.E.2d 344 (1986) (quotation omitted).
In the instant case, the three items for which defendant was convicted of obtaining by false pretenses had an aggregate value of $726.98. The trial court recommended that defendant's work release be conditioned on his payment of restitution in the amount of $1049.26.
The State contends that evidence was presented at trial that defendant improperly charged other items at M.G. Brown to Edenton Construction's account, and that pursuant to State v. Valladares, 182 N.C. App. 525, 642 S.E.2d 489 (2007), the trial court properly awarded restitution as to these items for which defendant was not convicted of obtaining by false pretenses. In Valladares, defendant's operation of a motor vehicle injured five persons. Following his conviction for assault as to four of the victims, defendant stipulated that his conduct caused injury to the fifth victim. Based upon this stipulation, we upheld the restitution award that included the amount for the fifth victim.
The instant case is distinguishable from Valladares in that there is no stipulation in the record by defendant. N.C. Gen. Stat. § 15A-1340.34 states that a defendant shall be ordered to make restitution to the victim for "damages arising directly and proximately out of the offense committed by the defendant." The additional restitution was not directly related to the criminal offenses for which defendant was convicted, and was not proper. See State v. Southards, ___ N.C. App. ___, ___, 657 S.E.2d 419 (2008).
We remand this case for modification of the judgment to provide for restitution in the amount of $726.98, the value of the property for which defendant was convicted of obtaining by false pretenses. See State v. Wilburn, 57 N.C. App. 40, 48, 290 S.E.2d 782, 786-87 (1982).
NO ERROR as to trial; VACATED and REMANDED as to restitution portion of judgments.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).