STATE OF NORTH CAROLINA v. BRIDGETTE LEIGH MABRY

No. COA11-108

(Filed 20 December 2011)

**1. Appeal and Error—appealability—mitigated sentence**

The General Assembly intended to change the law when it amended N.C.G.S. § 15A-1444(a1) to allow an appeal as of right for a sentence that does not fall within the presumptive range. A mitigated-range sentence does not fall within the presumptive range, and thus, defendant had a right to appeal the sufficiency of the evidence supporting the sentence.

**2. Sentencing—mitigating factors—good character or reputation—testimony from family members**

The trial court did not err in a multiple first-degree statutory sex offense and multiple taking indecent liberties case by failing to find that defendant has been a person of good character or reputation in the community in which defendant lived. All of the testimony regarding defendant's good character or reputation came from individuals having a close family relationship with defendant or from defendant herself.

**3. Sentencing—mitigating factors—supported family**

The trial court did not err in a multiple first-degree statutory sex offense and multiple taking indecent liberties case by failing

to find that defendant supported her family. The testimony was conflicting about whether defendant supported her family through her veteran's benefits.

**4. Sentencing—mitigating factors—support system in community**

The trial court did not err in a multiple first-degree statutory sex offense and multiple taking indecent liberties case by failing to find that defendant had a support system in the community. There was no testimony regarding whether defendant intended to utilize whatever support structure existed.

**5. Sentencing—mitigating factors—positive employment history—gainfully employed**

The trial court did not err in a multiple first-degree statutory sex offense and multiple taking indecent liberties case by failing to find that defendant had a positive employment history or was gainfully employed. There was a lack of details regarding defendant's employment history or the quality of her performance.

**6. Sentencing—calculation of prior record points—prayer for judgment—constitutionality**

Although defendant contended she was entitled to a new sentencing hearing in a multiple first-degree statutory sex offense and multiple taking indecent liberties case based on the trial court assigning a prior record point for defendant's 1995 prayer for judgment, this constitutional argument had already been decided against defendant.

**7. Sentencing—mitigating factors—maximum mitigated-range sentence**

The trial court did not abuse its discretion in a multiple first-degree statutory sex offense and multiple taking indecent liberties case by finding a mitigated factor and then sentencing defendant to the maximum mitigated-range sentence.

Appeal by defendant from judgment entered 28 September 2010 by Judge Tanya T. Wallace in Stanly County Superior Court. Heard in the Court of Appeals 1 September 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Brenda Menard, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

GEER, Judge.

Defendant Bridgette Leigh Mabry appeals from a mitigated-range sentence of 230 to 285 months imprisonment imposed following a resentencing hearing. Defendant primarily argues in this appeal that the trial court erroneously failed to find four statutory mitigating sentencing factors. Because none of the four mitigating factors was established by evidence that was both uncontradicted and manifestly credible and because we find defendant's remaining arguments unpersuasive, we affirm.

## Facts

Defendant was indicted in 2005 and 2007 for 11 counts of first degree statutory sex offense and 11 counts of taking indecent liberties with her two minor daughters. A full description of the underlying facts is set forth in this Court's prior opinion in *State v. Mabry*, 195 N.C. App. 598, 673 S.E.2d 800, 2009 N.C. App. LEXIS 220, at *1-2, 2009 WL 511986, at *1-2 (Mar. 3, 2009). A jury convicted defendant of all the charges on 5 September 2007. *Id.*, 2009 N.C. App. LEXIS 220, at *1-2, 2009 WL 511986, at *1-2.

At sentencing, defendant stipulated to having one prior record point for a misdemeanor larceny charge that had been resolved through a prayer for judgment continued ("PJC"). The trial judge sentenced defendant as a prior record level II to a single presumptive-range sentence of 240 to 297 months in prison. *Id.*, 2009 N.C. App. LEXIS 220, at *2, 2009 WL 511986, at *2. This Court, on appeal, vacated eight of defendant's convictions, upheld the remaining 14 convictions, and remanded for resentencing. *Id.*, 2009 N.C. App. LEXIS 220, at *30, 2009 WL 511986, at *11.

Following a resentencing hearing, the trial court sentenced defendant to 230 to 285 months imprisonment. Defendant again appealed. In an unpublished opinion, *State v. Mabry*, ___ N.C. App. ___, 698 S.E.2d 202, 2010 N.C. App. LEXIS 1262, at *1-2, 2010 WL 2817047, at *1-2 (July 20, 2010), this Court concluded that one prior record level point could be imposed based on the PJC. *Id.*, 2010 N.C. App. LEXIS 1262, at *7-8, 2010 WL 2817047, at *2. Because, however, the record did not include a prior record level worksheet showing how the trial court had determined that defendant was a prior record level II for sentencing purposes, this Court remanded for a second resentencing hearing. *Id.*, 2010 N.C. App. LEXIS 1262, at *7, 2010 WL 2817047, at *2.

At the second resentencing hearing, defendant requested that the trial court find five mitigating factors: (1) defendant was honorably discharged from the United States Armed Services; (2) defendant has been a person of good character or has a good reputation in the community in which defendant lives; (3) defendant has supported her family; (4) defendant has a support system in the community; and (5) defendant has a positive employment history or was gainfully employed. The trial court—after finding only one mitigating factor (that defendant was honorably discharged) and no aggravating factors—sentenced defendant as a prior record level II in the mitigated range to 230 to 285 months imprisonment. Defendant timely appealed to this Court.

I

[1] The State contends that "[d]efendant's appeal should be dismissed because she does not have a right to a direct appeal from a sentence in the mitigated range . . . ." The State relies on N.C. Gen. Stat. § 15A-1444(a1) (2009), which provides:

> A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing *only if the minimum sentence of imprisonment does not fall within the presumptive range* for the defendant's prior record or conviction level and class of offense. Otherwise, a defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.

(Emphasis added.) According to the State, under this statute, a defendant may contest the sufficiency of the evidence supporting his or her sentence only if sentenced in the aggravated range.

Prior to 1995, N.C. Gen. Stat. § 15A-1444(a1) (1993) (emphasis added) entitled a defendant to appeal "as a matter of right the issue of whether his sentence is supported by evidence introduced at the trial and sentencing hearing *only if the prison term of the sentence exceed[ed] the presumptive term* set by G.S. 15A-1340.4, and if the judge was required to make findings as to aggravating or mitigating factors pursuant to this Article." This Court held, based on the plain language of this version of the statute, that a defendant with a sentence in the mitigated range did not have a right to appeal. *See State v. Knight*, 87 N.C. App. 125, 131, 360 S.E.2d 125, 129 (1987) ("[D]efend-

ant attempts to assert, on this direct appeal, error relating to his sentence. He is not entitled to do so because the sentence which he received is less than the presumptive term . . . .").

In 1993, however, the General Assembly amended N.C. Gen. Stat. § 15A-1444(a1), effective January 1, 1995. 1993 N.C. Sess. Laws 538 sec. 27. That amendment—resulting in the version at issue in this appeal—deleted the reference to a "sentence exceed[ing] the presumptive term" and instead provided a right to appeal "if the minimum sentence of imprisonment does not fall within the presumptive range." *Id.* We must determine whether the General Assembly intended this new language to have the same effect as the prior language of limiting appeals regarding the sufficiency of the sentencing evidence to aggravated-range sentences.

A fundamental principle of statutory construction is that " '[w]e presume that the legislature acted with full knowledge of prior and existing law and its construction by the courts.' " *State v. Anthony,* 351 N.C. 611, 618, 528 S.E.2d 321, 324 (2000) (quoting *State ex rel. Cobey v. Simpson,* 333 N.C. 81, 90, 423 S.E.2d 759, 763 (1992)). Therefore, in this case, we presume the General Assembly knew, when amending N.C. Gen. Stat. § 15A-1444(a1), that this Court had construed the prior version of the statute so as to preclude an appeal from a mitigated-range sentence.

The State's position in this appeal would require us to construe the current version of N.C. Gen. Stat. § 15A-1444(a1) in precisely the same way that the pre-1995 statute was construed. In order to adopt this construction, we would have to conclude that the General Assembly—knowing the existing state of the law—did not intend its amendment to change that law.

It is, however, equally well established that "[i]t must be presumed, where the Legislature has amended a statute, that it intended to add to or to change the existing enactment." *Schofield v. Great Atl. & Pac. Tea Co.,* 299 N.C. 582, 590, 264 S.E.2d 56, 62 (1980). We must, therefore, also presume, in this case, that the General Assembly intended to change the law when it amended N.C. Gen. Stat. § 15A-1444(a1) to allow an appeal as of right for a sentence that does not fall within the presumptive range—omitting the requirement that the sentence "exceed" the presumptive range.

"Changes made by the legislature to statutory structure and language are indicative of a change in legislative intent . . . ." *Electric Supply Co. of Durham, Inc. v. Swain Elec. Co.,* 328 N.C. 651, 656, 403

S.E.2d 291, 295 (1991). We cannot conclude that, although the General Assembly significantly changed the pertinent language of N.C. Gen. Stat. § 15A-1444(a1), it did not intend to make any change in the effect of the statute. Instead, we must presume that when the General Assembly deleted the language limiting appeals to those "exceed[ing]" a presumptive-range term, the legislature intended to change that limitation.

The plain language of the amended version of N.C. Gen. Stat. § 15A-1444(a1) precludes an appeal only when the sentence is "within the presumptive range." Since a mitigated-range sentence by definition does not fall "within the presumptive range," a defendant receiving a mitigated sentence must, under the plain language of the statute, have a right to appeal the sufficiency of the evidence supporting his or her sentence. *See Campbell v. First Baptist Church of the City of Durham*, 298 N.C. 476, 482, 259 S.E.2d 558, 563 (1979) ("The duty of a court is to construe a statute as it is written. It is not the duty of a court to determine whether the legislation is wise or unwise, appropriate or inappropriate, or necessary or unnecessary.").

Our construction of N.C. Gen. Stat. § 15A-1444(a1) to allow defendant's appeal in this case is also consistent with the well-established principle that "criminal statutes are to be construed strictly against the state and liberally in favor of the defendant." *State v. McGaha*, 306 N.C. 699, 702, 295 S.E.2d 449, 451 (1982). The State's construction would require us to interpret N.C. Gen. Stat. § 15A-1444(a1) in its favor by in effect restoring to the statute the excluded requirement that the sentence exceed the presumptive range. This Court, however, has "no power to add to or subtract from the language of the statute." *Ferguson v. Riddle*, 233 N.C. 54, 57, 62 S.E.2d 525, 528 (1950).

As the sole authority for its position, the State cites an unpublished opinion of this Court, *State v. Howze*, 151 N.C. App. 599, 2002 N.C. App. LEXIS 2264, 2002 WL 1544229 (July 16, 2002), which concluded that a defendant sentenced in the mitigated range has no right to appeal the sufficiency of the evidence supporting his or her sentence. Unpublished opinions are not, however, controlling authority and cannot bind later panels of this Court. Moreover, the opinion contains no discussion of the General Assembly's 1993 amendment to the statute—apparently, that change in statutory language was not called to the attention of the Court—and cites no authority supporting its construction of the statute. We, therefore, do not find the opinion persuasive.

We hold that a defendant may, pursuant to N.C. Gen. Stat. § 15A-1444(a1), appeal the issue of the sufficiency of the evidence to support his or her sentence even though he or she was sentenced in the mitigated range. The State's motion to dismiss is denied.

II

Defendant contends that the trial court erroneously failed to find four statutory mitigating factors: (1) defendant has been a person of good character or has had a good reputation in the community in which defendant lives; (2) defendant supports defendant's family; (3) defendant has a support system in the community; and (4) defendant has a positive employment history or was gainfully employed.

Under N.C. Gen. Stat. § 15A-1340.16(a) (2009), "the offender bears the burden of proving by a preponderance of the evidence that a mitigating factor exists." A defendant proves a mitigating factor " 'when the evidence is substantial, uncontradicted, and there is no reason to doubt its credibility.' " *State v. Johnson*, 196 N.C. App. 330, 336, 674 S.E.2d 727, 731 (quoting *State v. Kemp*, 153 N.C. App. 231, 241, 569 S.E.2d 717, 723 (2002)), *appeal dismissed*, 363 N.C. 378, 679 S.E.2d 395 (2009).

As this Court has previously explained, " '[a] trial judge is given wide latitude in determining the existence of . . . mitigating factors, and the trial court's failure to find a mitigating factor is error only when no other reasonable inferences can be drawn from the evidence.' " *Id.* (quoting *State v. Norman*, 151 N.C. App. 100, 105-06, 564 S.E.2d 630, 634 (2002)). An appellate court may reverse a trial court for failing to find a mitigating factor only when the evidence offered in support of that factor "is both uncontradicted and manifestly credible." *State v. Jones*, 309 N.C. 214, 220, 306 S.E.2d 451, 456 (1983).

[2] Defendant first contends that the trial court erred in failing to find that "defendant has been a person of good character or has had a good reputation in the community in which the defendant lives." N.C. Gen. Stat. § 15A-1340.16(e)(12). At the sentencing hearing, defendant presented two witnesses as to her character and reputation: defendant's 18-year-old son, Andrew, and her first cousin, Donna Brooks. Defendant also testified on her own behalf regarding her good character, explaining that she attended Bible study in prison and took classes.

This evidence is similar to the evidence presented in *State v. Murphy*, 152 N.C. App. 335, 567 S.E.2d 442 (2002), in which the defend-

ant submitted 24 letters regarding his character to the trial court. This Court noted:

> The individuals who wrote the letters included family members, close friends, fellow church members, members of the community with whom defendant had worked, and prisoners with whom defendant had been incarcerated. These letters paint a picture of a devoted family man with three children who was active in his church and his community. Specifically, they show that defendant was active in the PTA, volunteered his time to coach youth athletic teams, once served as president of the high school athletic club, served on the board of the homeowners' association, ran for a seat on the town council, sponsored refugees from Africa, and was an active member of Bible study while serving time in prison.

*Id.* at 344-45, 567 S.E.2d at 448. The Court pointed out that although the letters provide "uncontradicted evidence of defendant's good character, this evidence does not rise to the level of being manifestly credible." *Id.* at 345, 567 S.E.2d at 449. The Court concluded that the relationship between those making statements of good character and the defendant was a factor the trial court could consider in deciding credibility. *Id.* at 346, 567 S.E.2d at 449.

In this case, all of the testimony regarding defendant's good character or reputation came from individuals having a close family relationship with defendant or from defendant herself. These sources are not so manifestly credible that the trial court was required to find that defendant has been a person of good character and has a good reputation in her community.

**[3]** Defendant next contends that the trial court erred in failing to find that "defendant supports the defendant's family." N.C. Gen. Stat. § 15A-1340.16(e)(17). On this issue, defendant's son answered affirmatively when defendant's attorney asked whether defendant, through her veteran's benefits, had "assisted you and the family in trying to maintain certain expenses, seeing that things get paid and that sort of thing." Defendant's son, however, also testified that Donna Brooks has the power of attorney for defendant's veteran benefits, and Ms. Brooks testified that the veteran's benefits check "goes to basically do upkeep or [sic] [defendant's] personal possessions we have stored." At best, Ms. Brooks testified that she—Ms. Brooks and not defendant—had used the veteran's benefits to help defendant's family to the best of Ms. Brooks' ability and time. Thus, Ms. Brooks'

STATE v. MABRY

[217 N.C. App. 465 (2011)]

testimony conflicted with defendant's son's testimony about whether defendant supported her family through her veteran's benefits.

While defendant claims on appeal also to have supported her family before her conviction, defendant argued to the trial court solely "that through her veteran's benefits, [defendant] has tried to support her family with what limited means she has." Defendant's son affirmed that everything he had testified about at the second resentencing hearing "is things that have happened since the trial." Defendant's evidence did not so clearly establish that defendant supports her family such that no other reasonable inference could be drawn. The sentencing judge thus did not err in refusing to find this mitigating factor.

[4] Defendant next contends that the trial court erred in failing to find that "defendant has a support system in the community." N.C. Gen. Stat. § 15A-1340.16(e)(18). Defendant's son testified that defendant had the support of her mother, her cousin, and four family friends. Defendant's cousin testified that defendant had the support of defendant's cousin, son, and mother. Defendant's mother testified that defendant had a support system in the community, but did not elaborate as to what that system was. The close family friend who testified knew defendant from "[w]hen she used to live with me and my daddy." However, he did not specifically indicate that defendant had any support system in the community. Additionally, there did not appear to be any testimony regarding whether defendant intended to utilize whatever support structure existed and, if so, how.

In *Kemp*, 153 N.C. App. at 241, 569 S.E.2d at 723, the defendant's "sister-in-law testified that there was a large support structure available to [the defendant] in the community." This Court, however, found that this "evidence did not demonstrate that [defendant] was engaged in this support structure or intended to utilize it. Furthermore, no evidence was presented indicating what this support structure consisted of. Testimony demonstrating the existence of a large family in the community and support of that family alone is insufficient to demonstrate the separate mitigating factor of a community support system." *Id.* at 241-42, 569 S.E.2d at 723.

In this case, as in *Kemp*, defendant presented testimony of the support of her family. While her son claimed that four family friends also supported defendant, only one testified, and defendant's mother referred in only conclusory fashion to a community support system. Further, defendant did not establish that she was engaged in that sup-

port structure or explain how she would use the system of support. Under *Kemp*, this evidence, although relevant to the mitigating factor, was not sufficient to require the trial court to find that defendant had a support system in the community.

**[5]** Defendant's last contention regarding potential mitigating factors is that the trial court erred in failing to find that "defendant has a positive employment history or is gainfully employed." N.C. Gen. Stat. § 15A-1340.16(e)(19). On this issue, defendant testified that she served in the Navy from 1988 to 1995. Defendant testified she also worked as a waitress and bartender, as a paid tutor while attending community college, and then in the mobile home industry, with a second job as a waitress. Defendant explained that she then went on medical leave due to a car accident and was arrested while on leave. During the time that she was on house arrest, defendant worked with her landlord cleaning houses "on a limited basis." She also completed a dental class while in prison and was working as a dental lab worker. Defendant's other witnesses generally corroborated some parts of this employment history, but provided no specific details regarding defendant's employment history.

With the exception of the honorable discharge in 1995, none of defendant's evidence on this mitigating factor indicates whether defendant's employment history was positive. Further, the employment history testimony does not necessarily establish continuous employment, the numbers of hours defendant was working, or what she was paid. Given the lack of details regarding defendant's employment history or the quality of her performance, we cannot conclude that the trial court was required to find either that defendant had a positive employment history or that she was gainfully employed within the meaning of N.C. Gen. Stat. § 15A-1340.16(e)(19). *See State v. Hughes*, 136 N.C. App. 92, 102, 524 S.E.2d 63, 69 (1999) (holding that trial court was not required to find N.C. Gen. Stat. § 15A-1340.16(e)(19) mitigating factor when defendant only presented evidence he held various jobs up until date of his arrest, but provided no other evidence of positive employment history).

In sum, based on our review of the record, we cannot conclude that the evidence on these four mitigating factors was both uncontradicted and manifestly credible. We, therefore, hold that defendant has failed to demonstrate that the trial court erred in not finding these mitigating factors.

III

**[6]** Defendant next contends that she is entitled to a new sentencing hearing because the trial court erroneously assigned a prior record point based on defendant's 1995 PJC. Defendant makes both a statutory argument (that a PJC does not count as a "prior conviction" under the Structured Sentencing Act) and a constitutional argument (that the point imposed for the PJC is "in violation of her State and Federal Constitutional rights to fundamental fairness under the Due Process Clause of the Fourteenth Amendment, a speedy trial, the law of the land, a jury trial in Superior Court, and appeal").

Defendant concedes that her statutory argument was already rejected by this Court in her prior appeal, but contends that this Court never addressed her constitutional arguments. Our review of the opinion indicates that this Court addressed and rejected both the statutory and the constitutional arguments.

In the prior appeal, defendant's sixth argument stated: "Defendant is entitled to a new sentencing hearing because the trial court may have assigned a prior record point based on a 1995 prayer for judgment continued in violation of state law." Defendant's seventh argument stated: "Defendant is entitled to a new sentencing hearing because the trial court may have assigned a prior record point based on a 1995 prayer for judgment continued in violation of her state and federal constitutional rights."

With respect to the PJC, this Court held:

> In Defendant's sixth and seventh arguments, she contends the trial court erred by using a misdemeanor larceny conviction, for which Defendant received a prayer for judgment continued (PJC), as the basis for elevating her prior record level from a prior record level I to a level II. We disagree.

> We address this argument because Defendant may decide to raise it again on resentencing. . . . Defendant's *sixth and seventh arguments* are without merit.

*Mabry*, 2010 N.C. App. LEXIS 1262, at *7-8, 2010 WL 2817047, at *3 (emphasis added). While the opinion does not specifically analyze the constitutional questions, the opinion expressly rejects as "without merit" defendant's seventh argument that asserted the unconstitutionality of using the PJC for prior record level purposes. Since defendant's constitutional argument has already been decided, this Court cannot revisit the issue.

IV

[7] Finally, defendant contends that the trial court abused its discretion when the court found that defendant should be sentenced to a mitigated-range term of imprisonment but nonetheless gave defendant the same sentence as the presumptive-range term previously imposed. In defendant's first resentencing, the trial court sentenced her in the presumptive range to a term of 230 to 285 months imprisonment. The sentence resulting from the second resentencing hearing was also 230 to 285 months, although it was identified as a mitigated-range sentence.[1] Defendant claims the trial court abused its discretion as "mitigation must count for something" and "[s]entencing so oblivious to found mitigation 'eviscerates' our State's statutory sentencing scheme . . . ."

Our Supreme Court has explained that "the weight to be given any factor is within the sound discretion of the sentencing judge. The judge is not required to engage in a numerical balancing process. By the same token, our appellate courts should not attempt to second guess the sentencing judge with respect to the weight given to any particular factor. . . . It is only the sentencing judge who is in a position to re-evaluate the severity of the sentence imposed in light of the adjustment" *State v. Ahearn*, 307 N.C. 584, 602, 300 S.E.2d 689, 701 (1983). *See also Jones*, 309 N.C. at 219, 306 S.E.2d at 455 ("The sentencing judge, even when required to find factors proved by uncontradicted, credible evidence, may still attribute whatever weight he deems appropriate to the individual factors found when balancing them and arriving at a prison term.").

In this case, when defendant was initially sentenced, the first trial judge consolidated all of the charges into a single judgment rather than sentencing defendant to multiple, potentially consecutive terms of imprisonment. On appeal, this Court upheld the jury's conviction with respect to seven counts of first degree statutory sexual offense and seven counts of indecent liberties with a child. The second trial judge, on remand for resentencing, apparently concluded that the circumstances were such that, even in the absence of a finding of mitigating factors, defendant should be given the lowest possible presumptive-range sentence.

---

1. The 230 to 285 month sentence falls at the bottom of the presumptive range and the top of the mitigated range for defendant's class of offenses and prior record level. Because of the overlapping of the ranges, the sentence is both a valid presumptive-range sentence and a valid mitigated-range sentence.

At the second resentencing hearing, the third trial judge found as the sole mitigating factor that defendant had been honorably discharged from the Navy. The trial court was entitled to determine, as it apparently did, that an honorable discharge, which occurred 10 years before the indictment and 15 years before the sentencing hearing was not entitled to significant weight given the nature of the offenses. While defendant, when testifying at the second resentencing hearing, continued to maintain her innocence and to suggest that the charges were manufactured by her former husband, she had been convicted by a jury of the very serious offenses.

We do not believe that it was manifestly unreasonable for the third trial judge to decide, given the seriousness of the offenses, that the single mitigating factor of an honorable discharge years earlier did not warrant a further sentence reduction beyond the reduction that had effectively already occurred at each prior sentencing hearing. We cannot say that the sentence imposed below was " 'so arbitrary that it could not have been the result of a reasoned decision.' " *State v. Cannon*, 341 N.C. 79, 87, 459 S.E.2d 238, 243 (1995) (quoting *State v. Weddington*, 329 N.C. 202, 209, 404 S.E.2d 671, 676 (1991)). Consequently, we hold that the trial court did not abuse its discretion by finding a mitigating factor and then sentencing defendant to the maximum mitigated-range sentence.

No error.

Judges STROUD and THIGPEN concur.