**STATE v. BACON**

[228 N.C. App. 432 (2013)]

STATE OF NORTH CAROLINA
v.
EVAN MACNAUGHTON BACON, JR.

No. COA12-1486

Filed 6 August 2013

**1. Sentencing—aggravating factor—same element supporting involuntary manslaughter charge**

The trial court erred in an involuntary manslaughter case by using the aggravating factor under N.C.G.S. § 15A-1340.16(d)(8), knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person, to sentence defendant in the aggravated range. The evidence used to support the aggravating factor was the same evidence used to support an element of the charge. The case was remanded for a sentencing hearing.

**2. Sentencing—mitigating factors—good character and reputation—positive employment history**

The trial court did not commit reversible error in an involuntary manslaughter case by not finding the existence of statutory mitigating factors under N.C.G.S. § 15A-1340.16(e)(12), good character and good reputation in the community, and N.C.G.S. § 15A-1340.16(e) (19), positive employment history.

Appeal by defendant from judgment entered 27 August 2012 by Judge Bradley B. Letts in Buncombe County Superior Court. Heard in the Court of Appeals 5 June 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Elizabeth Leonard McKay, for the State.*

*David Belser for defendant-appellant.*

HUNTER, Robert C., Judge.

Evan Bacon ("defendant") appeals from the judgment entered upon his guilty plea to involuntary manslaughter. Defendant contends that the trial court erred in finding one statutory aggravating factor and in not finding the existence of two statutory mitigating factors. After careful review, we find no error in the trial court's decision in not finding the

existence of mitigating factors N.C. Gen. Stat. §§ 15A-1340.16(e)(12) and (e)(19), but we reverse the trial court's finding of the aggravating factor and remand for resentencing.

## Background

On 18 January 2012, defendant was the cause of a high-speed automobile collision. The investigating officers determined that defendant was driving between 84 and 95 m.p.h. in a 50 m.p.h. zone when he collided with another vehicle, which then struck the car of Dennis Ray Stauffer, who died at the scene. Blood testing revealed that defendant was not impaired at the time of the collision. Defendant was charged with involuntary manslaughter, to which he pled guilty on 13 July 2012.

At the sentencing hearing, defendant's counsel provided evidence of defendant's work history and life in the community. Defendant was 62 years old, married, and retired from G.E. where he had worked for 29 years. He and his wife cared for a mentally challenged, 58-year-old man, James, who resided in their home. Defendant presented several letters to the trial court that attested to defendant's good reputation and character, including a letter from the agency that placed James in defendant's care.

Defendant stipulated to the existence of one aggravating factor, that "the defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person." N.C. Gen. Stat. § 15A-1340.16(d)(8) (2011). The trial court found the existence of two mitigating factors: (1) "at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer"; and (2) "[t]he defendant has accepted responsibility for the defendant's criminal conduct." N.C. Gen. Stat. §§ 15A-1340.16(e)(11) and (e)(15). Concluding that the aggravating factor outweighed the mitigating factors, the trial court sentenced defendant in the aggravated range, imposing a term of 17 to 30 months imprisonment. Defendant appeals.

## Discussion

### I. Aggravating Factor

[1] Defendant contends that the trial court erred in using the aggravating factor, N.C. Gen. Stat. § 15A-1340.16(d)(8), tc sentence defendant in the aggravated range because the evidence used to support the aggravating factor was the same evidence used to support an element of the involuntary manslaughter charge. We agree.

The State incorrectly asserts that defendant's stipulation to the aggravating factor precludes him from seeking appellate review of the alleged error. *See State v. Khan*, ___ N.C. ___, ___, 738 S.E.2d 167, 172 (2013) (reviewing the sufficiency of the evidence supporting the defendant's aggravated sentence after the Court concluded that the defendant had stipulated to the finding of the aggravating factor underlying the sentence). As to our standard of review, defendant makes the conclusory assertion that the trial court committed plain error, but gives no explanation, and cites no legal authority, as to how the trial court's action constituted plain error. Furthermore, as the State contends, plain error review is reserved for alleged errors in jury instructions and evidentiary matters. *State v. Lawrence*, 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012). However, despite defendant's failure to object at his sentencing hearing, or properly seek plain error review on appeal, he is not precluded from arguing on appeal that the sentence was unsupported by the evidence. *State v. Jeffery*, 167 N.C. App. 575, 579, 605 S.E.2d 672, 674 (2004) (noting that failure to object at sentencing does not preclude review of an alleged error on appeal).

This Court reviews alleged sentencing errors for "whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing." *Id.* at 578, 605 S.E.2d at 674 (citation omitted). Under N.C. Gen. Stat. § 15A-1340.16(a), a trial court must consider evidence of aggravating or mitigating factors, but the decision to depart from the presumptive range is within the trial court's discretion. "The defendant may admit to the existence of an aggravating factor, and the factor so admitted shall be treated as though it were found by a jury . . . ." N.C. Gen. Stat. § 15A-1340.16(a1). "If aggravating factors are present and the court determines they are sufficient to outweigh any mitigating factors that are present, it may impose a sentence that is permitted by the aggravated range . . . ." *Id.* § 15A-1340.16(b). However, "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation . . . ." *Id.* § 15A-1340.16(d).

The aggravating factor that the trial court found, and to which defendant stipulated, provides that "[t]he defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person." *Id.* § 15A-1340.16(d)(8). While operating an automobile may not necessarily be hazardous within the meaning of section 15A-1340.16(d)(8), the manner in which an automobile is driven, i.e. at a high rate of speed, can serve as an appropriate basis for finding the aggravating factor in section 15A-1340.16(d)(8) when the operation of the vehicle

results in a vehicular-related death. *See State v. Speight*, 186 N.C. App. 93, 97-98, 650 S.E.2d 452, 455 (2007) (finding that defendant's speeding, intoxication, and weaving in traffic qualified as "normal use" within the meaning of section 15A-1340.16(d)(8)).

"The elements of involuntary manslaughter are: (1) an unintentional killing; (2) proximately caused by either (a) an unlawful act not amounting to a felony and not ordinarily dangerous to human life, or (b) culpable negligence." *State v. Hudson*, 345 N.C. 729, 733, 483 S.E.2d 436, 439 (1997). "Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others." *State v. Phelps*, 242 N.C. 540, 544, 89 S.E.2d 132, 135 (1955) (citation and quotation marks omitted).

In the instant case, defendant was not impaired at the time of the accident, but he stipulated to the existence of the aggravating factor, and he stipulated to allowing the State to summarize the facts and evidence supporting the plea. In its summary of the facts at trial, the State noted: "Normal speed, this collision would not happen. The officers in their report come [sic] to the idea that when this happened the defendant was driving at a high rate of speed, and with that, that's what caused this collision. That shows you that the speed was a significant factor."

The State cites *State v. Garcia-Lorenzo*, 110 N.C. App. 319, 430 S.E.2d 290 (1993), for its conclusory assertion that there is a difference in the evidence necessary to prove involuntary manslaughter and the evidence necessary to prove the aggravating factor in section 15A-1340.16(d)(8). However, we find *Garcia-Lorenzo* to be distinguishable from the present case. In *Garcia-Lorenzo*, the defendant was convicted of driving while impaired and involuntary manslaughter for a vehicular-related homicide. *Id.* at 324, 430 S.E.2d at 293. We rejected the defendant's argument that the aggravating factor found by the trial court——that the automobile was a device knowingly used by the defendant to create a great risk of death to more than one person——was an element of the underlying offense of which he was convicted. *Id.* at 335, 430 S.E.2d at 299. The trial court arrested defendant's conviction for driving while impaired because the jury instruction for the involuntary manslaughter charge required the jury to find that defendant was driving while impaired. *Id.* at 336, 430 S.E.2d at 299-300. We concluded that the defendant's reckless driving of his automobile in a neighborhood was not an element of the involuntary manslaughter charge and instead supported the aggravating factor. *Id.* at 336, 430 S.E.2d at 300. As a result, we held that the trial court did not err in finding the aggravating factor because the evidence

used to support the aggravating factor was distinct from the evidence used to support an element of the offense. *Id.*

Here, defendant was not impaired when the accident occurred, and defendant's speed is the only evidence that would support the aggravating factor that he used a device in a manner normally hazardous to the lives of more than one person. Because the evidence of defendant's speed was required to prove the charge of involuntary manslaughter and the finding of the aggravating factor, the trial court erred in sentencing defendant in the aggravated range, and we must remand the case to the trial court for resentencing. *See State v. Ahearn,* 307 N.C. 584, 602, 300 S.E.2d 689, 701 (1983) ("[I]n every case in which it is found that the judge erred in a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing."). Because we remand for resentencing, we do not reach defendant's argument that there was insufficient evidence to support the trial court's finding of the aggravating factor.

## II. Mitigating Factors

**[2]** Defendant also argues that the trial court committed reversible error in not finding the existence of statutory mitigating factors N.C. Gen. Stat. § 15A-1340.16(e)(12), good character and good reputation in the community, and section 15A-1340.16(e)(19), positive employment history, because defendant contends that the evidence supporting each of the factors was uncontradicted and manifestly credible. We disagree.

"[A] trial judge is given wide latitude in determining the existence of mitigating factors, and the trial court's failure to find a mitigating factor is error only when no other reasonable inferences can be drawn from the evidence." *State v. Mabry,* __ N.C. App. __, __, 720 S.E.2d 697, 702 (2011) (citations omitted). "An appellate court may reverse a trial court for failing to find a mitigating factor only when the evidence offered in support of that factor 'is both uncontradicted and manifestly credible.' " *Id.* The North Carolina Supreme Court has held that even in the absence of a specific request by a defendant, "the sentencing judge has a duty to find a statutory mitigating factor when the evidence in support of a factor is uncontradicted, substantial and manifestly credible." *State v. Spears,* 314 N.C. 319, 321, 333 S.E.2d 242, 244 (1985) (citations omitted).

### A. Good Character and Reputation in the Community

The evidence presented by defendant in support of his argument that he had a good reputation and character in the community included statements about his volunteer work, details about caring for a

mentally-challenged man, and letters from members of the community concerning his character and reputation.

"Where testimony is not overwhelmingly persuasive on the question of defendant's good character or good reputation in the community, it is not manifestly credible and there is no requirement to find a mitigating factor." *State v. Wells*, 104 N.C. App. 274, 278, 410 S.E.2d 393, 396 (1991). "[I]t [is] within the prerogative of the trial court to accept or reject the opinions set forth in the [character and reputation] letters." *State v. Murphy*, 152 N.C. App. 335, 346, 567 S.E.2d 442, 449 (2002) (holding that the credibility determination of letters written by individuals in support of the defendant's character was within the trial court's discretion). Although defendant asserts that the letters submitted in support of his good reputation and character are a part of the record on appeal, they do not appear in the record. "It is the duty of counsel to present to the appellate division a correct record of the trial proceedings." *State v. Sink*, 31 N.C. App. 726, 728, 230 S.E.2d 435, 436 (1976). Without any evidence as to the nature of these letters, we cannot say that the trial court erred in not finding the existence of the mitigating factor for good character and reputation. *See Murphy*, 152 N.C. App. at 345, 567 S.E.2d at 449 (after reviewing 24 letters provided by the defendant concerning his reputation and character, this Court concluded that the evidence did not rise to the level of being manifestly credible and that the trial court did not err in failing to find the mitigating factor under section 15A-1340.16(e) (12)). Thus, the letters cannot be deemed manifestly credible, and we cannot conclude that the trial court erred in not finding the existence of the mitigating factor.

Furthermore, we conclude the evidence concerning defendant's care for a mentally-challenged individual and defendant's volunteer work is not so overwhelmingly persuasive as to his good reputation and character in the community that this Court can conclude the trial court erred in not finding the existence of the mitigating factor in section 15A-1340.16(e)(12). Defendant's argument is overruled.

## B. Positive Employment History

In support of defendant's contention that the trial court should have found the mitigating factor in section 15A-1340.16(e)(19), defendant only offered that he had worked at G.E. for 29 years. A trial court is not required to find a mitigating factor concerning positive employment history when a defendant has only presented evidence of jobs held, but provides no other evidence of positive employment history. *See State v. Hughes*, 136 N.C. App. 92, 101-02, 524 S.E.2d 63, 69 (1999) (concluding

that the trial court did not err in not finding the mitigating factor in section 15A-1340.16(e)(19) where the defendant only offered evidence of his employment history, which did not show positive or gainful employment), *superseded on other grounds by statute as stated in State v. Orellana*, 211 N.C. App. 647, 712 S.E.2d 745 (2011). In the present case, defendant merely stated the number of years he had been employed at G.E. before retiring. Without further proof that such employment was positive, the trial court did not err in not finding the existence of the mitigating factor. *Compare id. and Mabry*, __ N.C. at __, 720 S.E.2d at 704 (concluding that the trial court did not err by not finding the mitigating factor for positive employment history in section 15A-1340.16(e)(19) where the defendant gave evidence of the time periods during which she was employed, but gave no evidence that she had a positive employment history) *with State v. Wilkes*, __ N.C. App. __, __, 736 S.E.2d 582, 588 (2013) (finding that the trial judge erred in not finding the mitigating factor for positive employment in section 15A-1340.16(e)(19) where evidence of awards and commendations were offered along with employment history). The trial court did not err by not finding the existence of the mitigating factor under section 15A-1340.16(e)(19), and defendant's argument is overruled.

## Conclusion

We conclude that the trial court erred in using the same evidence for defendant's involuntary manslaughter conviction as was used to find the aggravating factor. We must remand this case for a new sentencing hearing. We further conclude that the trial court did not err in not finding the existence of mitigating factors regarding defendant's good character and reputation in the community or his positive employment history.

REVERSED in part, NO ERROR in part, and REMANDED for resentencing.

Judges GEER and McCULLOUGH concur.